1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANDRA P.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

Case No. 3:19-cv-5746-TLF

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

12      Plaintiff has brought this matter for judicial review of defendant's denial of her

13  application for disability insurance benefits. The parties have consented to have this

14  matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of

15  Civil Procedure 73; Local Rule MJR 13.

16      This case is before the Court for the second time. Plaintiff applied for disability

17  insurance benefits in May 2014, alleging an onset date of February 17, 2012. *See* AR

18  53. On March 31, 2017, Administrative Law Judge ("ALJ") Cynthia Rosa issued a

19  decision finding plaintiff not disabled. AR 13–26. On February 14, 2019, the

20  undersigned issued a decision reversing ALJ Rosa's decision and remanding the matter

21  for further proceedings, finding the ALJ erred in rejecting the opinions of Gary McGuffin,

22  Psy.D., Michael Brown, Ph.D., and John Robinson, Ph.D., as well as plaintiff's

23  testimony, and her daughter's lay witness statements. *See* AR 774–87.

24
25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 1

On remand, ALJ Rudolph Murgo issued a new decision, dated May 13, 2019, again finding plaintiff not disabled. AR 671–87. The ALJ found plaintiff had severe impairments of mild osteoarthritis of the right knee, lumbar spondylosis, and obesity. AR 674. Plaintiff seeks review of this latest decision.

I.    ISSUES FOR REVIEW

A.    Did the ALJ harmfully err in evaluating the medical evidence?

B.    Did the ALJ harmfully err in rejecting plaintiff's symptom testimony?

C.    Did the ALJ harmfully err in rejecting lay witness statements?

D.    Did the ALJ harmfully err in assessing plaintiff's residual functional capacity ("RFC") and at step four of the disability evaluation process?

II.    DISCUSSION

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Ford v. Saul,* 950 F.3d 1141, 1154, 1159 (9th Cir. 2020). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," of evidence. *Id.* The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.*

The Court considers in its review only the reasons the ALJ identified and may not affirm for a different reason. *Id.* at 1010. Furthermore, "[l]ong-standing principles of

administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citations omitted).

### A.    The ALJ Did Not Harmfully Err in Evaluating the Medical Evidence

Plaintiff argues the ALJ erred in evaluating the medical evidence. Pl. Op. Br. (Dkt. 19-1)[1], pp. 3–14. Plaintiff argues the ALJ erred in evaluating the medical evidence at step two by finding Hepatitis C, depression, anxiety, overactive bladder, sleep apnea, and cervical spine disease were not severe impairments. Pl. Op. Br., pp. 6–13. Plaintiff further argues the ALJ erred by rejecting the opinions of Dr. McGuffin, Dr. Brown, and Dr. Robinson. Pl. Op. Br., pp. 3–6, 13–14.

### 1.    The ALJ Did Not Harmfully Err by Finding Some of Plaintiff's Alleged Impairments were Not Severe

Plaintiff argues the ALJ erred at step two of the disability evaluation process by finding Hepatitis C, depression, anxiety, overactive bladder, sleep apnea, and cervical spine disease were not severe impairments. Pl. Op. Br., pp. 6–13. The step-two inquiry is "merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987)). At step two, the ALJ must determine if the claimant suffers from any impairments that are "severe." 20 C.F.R. § 404.1520(c). As long as the claimant has at

---

[1] Plaintiff filed a Notice of Errata and corrected Opening Brief, to which Defendant did not object, and which Plaintiff avers contained only a correction to a citation in a footnote.  *See* Notice of Errata (Dkt. 19), p. 1. The Court will cite to the corrected Opening Brief as "Pl. Op. Br." in this decision.

1    least one severe impairment, the disability inquiry moves on to step three. *See* 20

2    C.F.R. § 404.1520(d).

3          The step-two inquiry "is not meant to identify the impairments that should be

4    taken into account when determining the RFC." *Buck*, 869 F.3d at 1048–49. At the RFC

5    phase, the ALJ must consider the claimant's limitations from all impairments, including

6    those that are not severe. *Id.* at 1049. "The RFC therefore should be exactly the same

7    regardless of whether certain impairments are considered 'severe' or not." *Id.* (emphasis

8    omitted). Thus, a claimant cannot be prejudiced by failure to consider a particular

9    impairment severe at step two as long as the ALJ finds the claimant has at least one

10   severe impairment, and still addresses the non-severe impairment when considering the

11   claimant's RFC. *Id.* (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)).

12         Plaintiff has failed to show the ALJ harmfully erred at step two. *See Ludwig v.*

13   *Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396,

14   407–09 (2009)) (holding the party challenging an administrative decision bears the

15   burden of proving harmful error). First, the Court in reviewing the first ALJ decision

16   determined the ALJ did not err in finding Hepatitis C and overactive bladder non-severe.

17   *See* AR 777. "Under the law of the case doctrine, 'a court is generally precluded from

18   reconsidering an issue that has already been decided by the same court, or a higher

19   court in the identical case.'" *Buck*, 869 F.3d at 1050 (quoting *Thomas v. Bible*, 983 F.2d

20   152, 154 (9th Cir. 1993)). "The doctrine is concerned primarily with efficiency, and

21   should not be applied when the evidence on remand is substantially different, when the

22   controlling law has changed, or when applying the doctrine would be unjust." *Stacy v.*

23   *Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (citing *Merritt v. Mackey*, 932 F.2d 1317, 1320

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 4

1   (9th Cir. 1991)). Plaintiff has not pointed to any new evidence with respect to this issue,

2   any change in the controlling law, or shown that application of law of the case would be

3   unjust.

4        Second, although the ALJ found depression and anxiety not severe, she

5   considered them when formulating the RFC. *See* AR 676–78, 683–86. As discussed

6   below, the ALJ reasonably evaluated the evidence regarding plaintiff's alleged mental

7   impairments, including the opinions of Dr. McGuffin, Dr. Brown, and Dr. Robinson, and

8   the testimony from plaintiff and her daughter. The ALJ therefore did not harmfully err at

9   step two by finding depression and anxiety were not severe impairments.

10       Third, the ALJ reasonably determined the record did not show plaintiff had a

11  severe impairment of sleep apnea during the alleged disability period. Plaintiff's date

12  last insured was December 31, 2017, so she needed to show a severe impairment

13  existing prior to that date. *See* AR 674. Plaintiff has identified two notes in the record

14  from prior to the date last insured documenting sleep apnea. *See* Pl. Op. Br., pp. 6–13.

15  The first is a mention of sleep apnea by Dr. McGuffin, with no diagnosis or findings

16  regarding that condition. *See* AR 430–31. The second record is a note from a provider

17  at a mental health appointment documenting "[s]leep apnea by history" without any

18  specific discussion of the symptoms that condition caused. *See* AR 518. But, as the ALJ

19  noted, records from the period of alleged disability onset to the date last insured do not

20  show plaintiff used a CPAP machine to treat her condition. *See* AR 675. The ALJ thus

21  did not harmfully err in finding sleep apnea was not a severe impairment.

22       Fourth, the ALJ did not harmfully err in finding plaintiff did not have a severe

23  impairment of cervical spine degenerative disc disease. *See* AR 675. The ALJ

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 5

1    reasonably determined "the record does not show [plaintiff] suffered any significant loss

2    of range of motion in the cervical spine, or significant loss of strength in the upper

3    extremities." *Id.* Plaintiff points to several places in the record indicating that she had

4    decreased range of motion in her neck. *See* AR 379, 1026, 1216–17. But the record

5    also contains documentation of full range of motion and other normal findings related to

6    plaintiff's neck. *See* AR 586, 989, 1111, 1298. "Where the evidence is susceptible to

7    more than one rational interpretation, one of which supports the ALJ's decision, the

8    ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

9    2002). The evidence could support the ALJ's finding, and therefore the ALJ did not

10   harmfully err in finding plaintiff's cervical spine disease was not a severe impairment.

        2.    The ALJ Did Not Harmfully Err by Rejecting Dr. McGuffin's
              Opinions

12           Dr. McGuffin examined plaintiff on June 15, 2015. AR 406. He reviewed prior

13   psychological evaluations, conducted a clinical interview, performed a mental status

14   examination, and performed multiple tests evaluating plaintiff's memory and cognitive

15   abilities. AR 406–30. Dr. McGuffin opined plaintiff's "ability for adaptation seems mildly-

16   to-moderately limited because of some deficits with memory, especially when reliant on

17   visual details and spatial locations." AR 431. Dr. McGuffin opined plaintiff "has above-

18   average intelligence and good comprehension enabling her to learn simple or complex

19   work tasks. She would initially require repetition and supportive supervision for new

20   work tasks, especially tasks emphasizing visual details and spatial locations, until she

21   developed strategies to increase her independence." AR 432.

22           The ALJ gave Dr. McGuffin's opinions little weight. AR 685. The ALJ reasoned

23   Dr. McGuffin used equivocal language in parts of his opinion, and was vague in others.

25

1    *Id.* The ALJ reasoned Dr. McGuffin's opinions were internally inconsistent and not

2    supported by his exam findings. *Id.* The ALJ reasoned Dr. McGuffin's opinions were

3    inconsistent with other medical records. *Id.*

4         An ALJ must provide "clear and convincing" reasons for rejecting an examining

5    doctor's uncontradicted opinions. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

6    When the doctor's opinions are contradicted, the ALJ must provide "specific and

7    legitimate reasons" for rejecting them. *Id.* at 830–31.

8         Plaintiff has failed to show the ALJ harmfully erred in rejecting Dr. McGuffin's

9    opinions. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407–09). The ALJ

10   reasonably rejected Dr. McGuffin's opinions as inconsistent with the medical evidence.

11   *See* AR 685. An ALJ may reasonably reject a doctor's opinions when they are

12   inconsistent with or contradicted by the medical evidence. *See Batson v. Comm'r of*

13   *Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). As the ALJ noted, Dr.

14   McGuffin's findings of impaired memory were inconsistent with the findings of examining

15   psychologist Landon Poppleton, Ph.D., who found plaintiff's "understanding and

16   memory is [sic] intact, and she can concentrate." AR 344. Dr. McGuffin's opinions were

17   also inconsistent with the findings of treating neurologist Paul Jacobsen, M.D., who

18   found plaintiff's recent and remote memory were normal. AR 365. Substantial evidence

19   therefore supports the ALJ's rejection of Dr. McGuffin's opinions—which centered on his

20   findings of memory impairment—as inconsistent with the medical evidence.

21        The remainder of the ALJ's reasons for rejecting Dr. McGuffin's opinions fail, but

22   those errors are harmless. An error is harmless "where it is 'inconsequential to the

23   ultimate disability determination.'" *Molina*, 674 F.3d at 1115 (quoting *Carmickle v.*

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 7

1  *Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). The ALJ reasonably

2  rejected Dr. McGuffin's opinions as inconsistent with the medical evidence regardless

3  of, for example, his error in finding those opinions equivocal.

3.   The ALJ Did Not Harmfully Err in Rejecting the opinions of Dr. Brown and Dr. Robinson

Dr. Brown reviewed plaintiff's records as part of the initial consideration of

plaintiff's disability claims. *See* AR 57–58, 61–62. Dr. Brown opined plaintiff was

moderately limited in her ability to sustain concentration and persist. AR 61–62. He

opined plaintiff was "capable of sustained concentration, pace and persistence for [a]

normal workweek/day," but "may experience mild to moderate disruption on occasion

due to psych[ological] symptoms." AR 62. Dr. Brown opined plaintiff had no limitations in

understanding and memory, social interactions, and adaptation. AR 61–62.

Dr. Robinson reviewed plaintiff's records as part of the reconsideration of

plaintiff's disability claims. *See* AR 76–77, 80–82. Dr. Robinson's opinions were the

same as Dr. Brown's. *See id.* Dr. Robinsons added that Plaintiff's higher than average

intelligence indicated she was capable of persisting at complex tasks, but "may need

additional strategies [and] time to help learn new material, [and] would do best w[ith]

supportive supervion [sic] especially [at] first." AR 81.

The ALJ gave Dr. Brown's and Dr. Robinson's opinions little weight. AR 683. The

ALJ reasoned these opinions were contradicted by the overall medical evidence,

contradicted by plaintiff's activities of daily living, and equivocal in nature. *See id.*

Plaintiff has failed to show the ALJ harmfully erred in rejecting Dr. Brown's and

Dr. Robinson's opinions. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at

407–09). The ALJ reasonably found these opinions were equivocal, as they expressed

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS - 8

what plaintiff "may" need and what she could "do best." The RFC represents the most a claimant can do, so these opinions did not need to be accounted for. *See Khal v. Berryhill*, 690 F. App'x 499, 501 (9th Cir. 2017) (upholding ALJ's rejection of plaintiff's treating physician's opinion because it was equivocal); *Donald O. v. Saul*, No. C20–0503–MAT, 2020 WL 6561610, at *3 (W.D. Wash. Nov. 9, 2020) (holding ALJ did not err in failing to account for consulting doctors' speculation that plaintiff "may" have attention deficits). This reason, standing alone, justified the ALJ's rejection of Dr. Brown's and Dr. Robinson's opinions, and thus the ALJ did not harmfully err. *See Molina*, 674 F.3d at 1115.

### B.     The ALJ Did Not Harmfully Err in Rejecting Plaintiff's Testimony

In weighing a plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*

Plaintiff testified she cannot work full-time due to memory problems, difficulty learning new things, fatigue, and pain. *See* AR 40. Plaintiff testified she has memory problems, difficulty learning new things, and difficulty concentrating. *See* AR 160, 180, 185, 187–88, 202, 235, 237–41, 720, 891, 922, 927, 929, 965. She testified she has fatigue due to, among other things, sleep apnea and overactive bladder. *See* AR 41,

1   180, 188, 708, 716, 891, 894, 922, 929, 965. Plaintiff testified she has pain in her neck,

2   shoulders, back, hips, legs, and knees. AR 46, 185, 188, 202, 235, 237–41, 894, 922,

3   927, 965. She testified her knee swells up "[a] couple times a year" for "several weeks

4   to a couple months.". AR 47. She testified she has difficulty standing, walking, and

5   climbing stairs due to her knees. *See* AR 47, 891.

6        The ALJ found plaintiff's testimony regarding the severity of her symptoms was

7   "not entirely consistent with the medical evidence and other evidence in the record." AR

8   680. The ALJ rejected each symptom as inconsistent with the medical record. *See* AR

9   676–77, 680–82. "Contradiction with the medical record is a sufficient basis for rejecting

10  the claimant's subjective testimony."  *Carmickle*, 533 F.3d at 1161 (citing *Johnson v.*

11  *Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)).

12       The ALJ reasonably rejected plaintiff's testimony regarding her memory, learning,

13  and understanding limitations as inconsistent with the medical evidence. *See* AR 676–

14  77. In his step two analysis, the ALJ noted plaintiff had above average intelligence,

15  adequate concentration and persistence, and could follow and apply instructions without

16  repetition during Dr. McGuffin's exam. *See* AR 411–12, 676. The ALJ noted plaintiff's

17  mental status exams were consistently normal, and two examiners found she had

18  normal recent and remote memory. *See. e.g.*, AR 365, 411, 502, 504, 516, 518, 1019–

19  20. Substantial evidence thus supports the ALJ's rejection of this testimony.

20       Similarly, the ALJ reasonably rejected plaintiff's testimony regarding the severity

21  of her fatigue because the record did not support limitations from the two primary

22  causes of plaintiff's fatigue: sleep apnea and overactive bladder. *See* AR 675. First, the

23  ALJ reasonably noted the record lacked evidence of sleep apnea affecting plaintiff

24

25

during the disability period. *See id.* During the period from plaintiff's alleged disability onset date to her date last insured, the record contained no evidence plaintiff used a CPAP machine, or received other treatment for sleep apnea. *See id.* An ALJ may discount the claimant's testimony when the "'level or frequency of treatment is inconsistent with the level of complaints.'" *Molina*, 674 F.3d at 1113 (quoting Social Security Ruling ("SSR") 96–7p, 1996 WL 374186, at *7 (July 2, 1996)).[2]

Second, the ALJ reasonably determined plaintiff's overactive bladder was well-controlled by medication. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [Social Security disability] benefits." *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff contends she experiences side effects from the medications that control her overactive bladder, including xerostomia (dry mouth), forgetfulness, and confusion, and that the ALJ failed to adequately consider these side effects. *See* Pl. Op. Br., p.12 (citing AR 581, 655, 675). But the ALJ considered plaintiff's allegations of forgetfulness and confusion,[3] regardless of their cause, when addressing her testimony. *See* AR 676–78. The ALJ reasonably noted this testimony was inconsistent with Dr. Poppleton's and Dr. Jacobsen's normal memory findings, and thus did not err in rejecting it. *See* AR 344, 365.

Finally, the ALJ reasonably rejected plaintiff's testimony regarding the severity of her neck, shoulder, back, hips, leg, and knee pain. *See* AR 681–82. The ALJ

---

[2] SSR 96–7p has been superseded by SSR 16–3p, 2017 WL 5180304 (Oct. 25, 2017). SSR 16–3p nonetheless retains language providing that an ALJ may discount a claimant's testimony "if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints." *Id.* at *9.

[3] Plaintiff presents no argument that dry mouth is a disabling condition, and the Court is aware of none.

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS - 11

determined plaintiff received only conservative treatment, with "no evidence of regular

use of prescription pain medications, muscle relaxants, or steroids, or regular treatment

with an orthopedist or neurologist." AR 682. As plaintiff notes, she began a muscle

relaxer after the date last insured, and briefly took one in November 2016, but neither of

these facts refutes the ALJ's determination that plaintiff did not regularly use such

medications or receive more than conservative treatment during the alleged disability

period, contradicting her testimony of severe pain. *See Molina*, 674 F.3d at 1113.

In sum, the ALJ gave at least one valid reason to reject plaintiff's testimony

regarding the severity of each of her symptoms. The ALJ therefore did not harmfully err.

*See id.* at 1115.

### C.    The ALJ Did Not Harmfully Err in Rejecting Plaintiff's Daughter's Lay Witness Statements

Lay testimony regarding a claimant's symptoms "is competent evidence that an

ALJ must take into account," unless the ALJ "expressly determines to disregard such

testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236

F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ is not required to cite

the specific supporting documents as long as "arguably germane reasons" for

dismissing the testimony are noted; and, the ALJ is not required to "clearly link his

determination to those reasons." *Id.* at 512. The ALJ also may "draw inferences logically

flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Plaintiff's daughter, Tiffany Leach, submitted a third-party adult function report in

August 2014. *See* AR 171–77. She stated plaintiff suffered from fatigue, pain, and

forgetfulness. *See* AR 171–72. Ms. Leach stated plaintiff had difficulty sleeping due to

sleep apnea and pain. AR 172. She stated plaintiff had difficulty lifting, squatting,

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 12

bending, standing, walking, kneeling, stair climbing due to pain. AR 176. She stated

plaintiff had difficulty with memory, concentration, understanding, following instructions,

completing tasks, using hands, and getting along with others. *Id.*

The ALJ rejected Ms. Leach's statements because she did not provide an

opinion on what plaintiff could do from a functional standpoint, and her statements

conflicted with the record. *See* AR 685–86.

The ALJ did not harmfully err in rejecting Ms. Leach's statements. Those

statements did not describe any limitations beyond what plaintiff described in her

testimony and the ALJ reasonably rejected plaintiff's testimony. *See supra* Part II.B. Any

error in rejecting Ms. Leach's statements for failing to state functional limitations, for

example, was therefore harmless because the ALJ's reasons for rejecting plaintiff's

testimony could apply equally to Ms. Leach's statements. *See Molina*, 674 F.3d at 1122

(finding no error where lay witnesses' testimony did not describe any limitations beyond

those the plaintiff described, and the ALJ had reasonably rejected plaintiff's testimony).

**D.  The ALJ's RFC and Step Four Findings Were Supported by Substantial Evidence in the Record**

Plaintiff contends the ALJ harmfully erred in assessing plaintiff's RFC because

the ALJ failed to account for all limitations shown by the evidence. Pl. Op. Br., pp. 17–

18. Plaintiff's argument depends on the Court finding in her favor on her earlier

arguments – she points to the evidence discussed above to show unaddressed

limitations. *See id.* Because the Court has found the ALJ did not err in rejecting the

evidence to which plaintiff refers, plaintiff has failed to show the ALJ harmfully erred in

assessing her RFC. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki v. Sanders*, 556 U.S.

at 407–09).

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 13

1

2                                III.    <u>CONCLUSION</u>

3           Based on the foregoing discussion, the Court finds the ALJ properly determined

4    plaintiff to be not disabled. Defendant's decision to deny benefits therefore is

5    AFFIRMED.

6           Dated this 4th day of March, 2021.

7

8

9                                               *Theresa L. Fricke*
                                                _____
10                                              Theresa L. Fricke
                                                United States Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 14